**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **GREEN TREE SERVICING, LLC,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| **MISTY D. HAZEN, TRAILER DIVAS,** | ) | |
| **LLC, and MORENO'S MOBILE HOME** | ) | |
| **TRANSPORT, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | **No. 3:11-CV-1313-M (BF)** |
| | ) | |
| **RARE ENDOWMENT, LLC,** | ) | |
| **Third-Party Plaintiff,** | ) | |
| **v.** | ) | |
| **GREEN TREE SERVICING, LLC, JUSTIN** | ) | |
| **LYNN, STAYCI BRADFORD, TRAILER** | ) | |
| **DIVAS, LLC, and MORENO'S MOBILE** | ) | |
| **HOME TRANSPORT, LLC,** | ) | |
| **Third-Party Defendants.** | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this case to the United States Magistrate Judge for Pretrial

Management (doc. 3).  On June 15, 2011, Plaintiff (who is also a Third Party Defendant) Green Tree

Servicing, LLC ("Green Tree") filed a notice of removal from the 40th Judicial District Court of

Ellis County, Texas (doc. 1).  On July 14, 2011, Rare Endowment, LLC ("Rare Endowment") filed

a Motion to Remand (doc. 21) and a brief in support.[1] (doc. 31).  On July 18, 2011, Stayci Bradford

("Bradford"), Justin Lynn ("Lynn"), and Trailer Divas, LLC ("Divas"), Third Party Defendants in

the removed action, filed a Response to Motion to Remand (doc. 25).  Rare Endowment did not file

a Reply.

---

[1] Randy Algoe, the managing agent of Rare Endowment, is not listed as a party in the removed case
although he has filed some pleadings.

**Background**

This suit has a prolonged and multi-jurisdictional history.   On December 11, 2009, Plaintiff/Third Party Defendant Green Tree filed suit in the 40th Judicial District Court of Ellis County, Texas (the "removed action").   Green Tree sought judicial foreclosure of a lien it claimed on a mobile home owned by Defendant Misty Hazen ("Hazen") and located in Waxahachie, Texas (the "mobile home").   Defendant/Third Party Defendant Divas, a company formed by Lynn and Bradford, allegedly purchased the mobile home and in August 2010, filed an eviction lawsuit in Justice Court Precinct 4, Ellis County, Texas, seeking possession (as a landlord) of the mobile home. On September 9, 2010, Divas secured a judgment for restitution of the mobile home and an Order for Writ of Restitution.   On September 14, 2010, the Justice Court issued a Writ of Possession in the Forcible Detainer suit, commanding the Ellis County Constable to deliver the mobile home to the landlord and to physically remove all persons from the premises.

Rare Endowment, the owner of the real property where the mobile home was located, intervened in the removed action as Third Party Plaintiff, claiming that Hazen, the mobile home's owner, had given him an option to purchase the mobile home and possession of the mobile home so that he could lease it to third parties.   In Rare Endowment/Third Party Plaintiff's Second Amended Petition, on which removal is based, Rare Endowment seeks damages against Green Tree, Divas, Lynn, Bradford, and Moreno's Mobile Home Transport, LLC ("Moreno's Transport"), jointly and severally, for illegal conversion of the mobile home, damages to Rare Endowment's real property during removal of the mobile home, tortious interference with Rare Endowment's contract with Hazen, and unconstitutional seizure of Rare Endowment's property under 42 U.S.C. § 1983. Additionally, it seeks punitive damages and attorney fees.

The removed action was set for jury trial in Ellis County in September 2011, and motions

2

for summary judgment were pending when Plaintiff/Third Party Defendant Green Tree, with consent for removal from all its fellow third-party defendants, removed the case to this Court on June 15, 2011.[2] (Doc. 1, p. 2.)  In the Notice of Removal, Green Tree claimed that removal was proper under federal question jurisdiction pursuant to 28 U.S.C. § 1441(b). (Pl.'s Rem. Mot. at ¶4.)

Third Party Plaintiff Rare Endowment seeks remand, contending any federal constitutional issue is based on, and intertwined with, his main complaints of conversion and damages to real property and can be determined by the state court.  Alternatively, Rare Endowment  moves for remand of the state law claims.

Plaintiff/Third Party Defendant Green Tree and Third Party Defendant Divas respond that this Court has federal question jurisdiction over the case because Rare Endowment has brought a third party claim that arises under the laws of the United States, specifically, 42 U.S.C. § 1983. (*Id.*) Green Tree and Divas contend the civil rights claim is a separate and independent claim from the state law claims and that the Court should deny Rare Endowment's Motion to Remand.

## <u>Standard of Review</u>

A federal court's jurisdiction is limited.  A federal court may exercise original jurisdiction when the case "arises under" federal law; or based upon diversity of citizenship of the parties when more than $75,000 is in controversy.  *See* 28 U.S.C. § 1331, 1332; *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Pursuant to 28 U.S.C. § 1441, a defendant may remove a case from state court to federal

---

[2]  At the time of removal, Green Tree's Fourth Amended Petition was the live petition, and Rare Endowment's Second Amended Petition was the relevant Third Party petition.  Green Tree filed a Fifth Amended Petition in this Court on August 31, 2011 (doc. 41).

district court if the federal court could exercise original jurisdiction of the matter.[3]  The removing

party bears the burden of establishing federal jurisdiction. *Shearer v. SW. Serv. Life Ins. Co*., 516

F.3d 276, 278 (5th Cir. 2008).  The removal statute must be strictly construed in favor of remand,

and all doubts and ambiguities must be resolved against federal jurisdiction.  *See Acuna v. Brown*

*& Root, Inc.,* 200 F.3d 335, 339 (5th Cir.  2000).

## Analysis

The Court must decide whether this case may be removed by a third party defendant who

argues federal jurisdiction is proper based upon an intervenor's claim of a civil rights violations

against the third party defendants.

Federal question jurisdiction grants the district court jurisdiction over actions which arise

under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331.  The terms of 28

---

[3]  The terms of 28 U.S.C. § 1441 provide:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

(c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441.

U.S.C.A. § 1441(a) provide for removal by a defendant or the defendants of a civil action of which this Court would have original jurisdiction.  28 U.S.C. § 1441(a).

The majority of courts hold that federal question jurisdiction under § 1331 "is governed by the 'well-pleaded complaint rule' under which federal jurisdiction exists only when a federal question is presented on the face of the properly pleaded complaint."  *B&S Welding LLC Work Related Injury Plan v. Olivia-Barron v. B& S Welding, LLC,* No. 3:10-CV-1491-M, 2011 WL 93064, *2 (N.D. Tex.  Jan. 10, 2011) (Lynn, J.) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386 482 U.S. § 386, 386 (1987));  *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987);  *Metro Ford Truck Sales, Inc. v. Ford Motor Co.,* 145 F.3d 320, 326 (5th Cir. 1998).   In *Ford*, the Court explained:

> The essential concept governing in this appeal, perhaps overlooked by Ford, is that the district court's jurisdiction was derived from a § 1441 removal. When an action is brought to federal court through the § 1441 mechanism, for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system. It is insufficient that a federal question has been raised as a matter of defense or counterclaim. Similarly, the defendant's third-party claim alleging a federal question does not come within the purview of § 1441 removability.

*Ford,* at 326-28 (footnotes and internal quotation marks omitted).   Despite the well-accepted principle for testing removal under the well-pleaded complaint rule and the wealth of authority holding that a third party defendant may not remove a claim under 42 U.S.C. § 1441(a), a split of authority has arisen with respect to whether a third party defendant may remove a case to federal court under 42 U.S.C. 1441 (c).  *See Ford Motor Credit Co., Inc. v. Aaron-Lincoln Mercury, Inc.,* 563 F.Supp. 1108, 1110 nn. 6 & 8 (N.D.Ill.1983) (compiling cases that have held a third-party defendant can or cannot remove).

The Fifth Circuit takes the minority position that a third-party defendant is not barred from

removing a claim provided certain prescribed circumstances are present. *Carl Heck Engineers v. Lafourche Parish Police,* 662 F.2d 133 (5th Cir. 1980) (superseded by statute on other grounds); *Marsh Inv. Corp. v. Langford*, 652 F.2d 583 (5th Cir. 1981). *See Central of Georgia Ry. v. Riegel Georgia Ry.*, 426 F.2d 935 (5th Cir. 1970). *Carl Heck* dealt exclusively with the right of third party defendants to remove pursuant to § 1441(c), and at no point questioned the otherwise universal acceptance that § 1441(a) is restricted only to the original defendant or defendants as joined by the plaintiff in the well-pleaded complaint.

The Court will now consider whether the prescribed circumstances that permit removal by a third party defendant under 28 U.S.C. § 1441(c) in this Circuit are present here. As stated, the terms of 28 U.S.C. § 1441(c) provide:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

The question is whether there is a separate and independent claim or cause of action, which would be removable if sued upon alone. The United States Supreme Court addressed the meaning of "separate and independent claim or cause of action" in *American Fire & Cas. Co. v. Finn*, 341 U.S. 6 (1951). In *American Fire*, because the plaintiff was not certain who had insured him, he sued three possible insurers. The Court held that the claims against each insurer were not separate and independent because "there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions . . . ." *Id*. at 14. Accordingly, the test for separateness is the separateness of the wrong to the plaintiff.

The provision requires independence as well as separateness. 28 U.S.C. § 1441(c). In the Fifth Circuit, a claim is not independent if it "involve[s] 'substantially the same facts.'" *Addison v.*

*Gulf Coast Contracting Servs.*, 744 F.2d 494, 500 (5th Cir. 1994) (quoting *American Fire*, 341 U.S. at 16).  A claim that depends on establishing liability under another claim, is not independent.  *See Moore v. United Servs. Auto. Ass'n*, 819 F.2d 101,104 (5th Cir. 1987).  In *Moore*, the Court found that a negligence claim against an insured and a bad faith claim against the insurer are not separate because the first must be proved to prevail on the second.  *Id*.  The Court must make all determinations of separateness and independence based upon the complaint.  *See American Fire*, 341 U.S. at 14; *Moore*, 819 F.2d at 103.

Considering the "separate and independent test" in *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 105 (5th Cir. 1996), the Fifth Circuit noted a district court case in which a police officer asserted three theories of recovery for his wrongful discharge claim.  *Id*. (discussing *Nabors v. City of Arlington*, 688 F. Supp. 1165 (E.D.Tex. 1988)).  The officer alleged that his termination from employment constituted a retaliatory discharge, a breach of contract, and a civil rights violation.  *See id*. at 1167.  The district court decided that because the discharge was the single wrong to the plaintiff and the various claims were merely different theories of recovery for the same wrong, the claims were not separate and independent.  *See id*.  The Fifth Circuit applied the same reasoning to the claims in *Eastus*.  *See Eastus*, 97 F.3d at 105.

According to Rare Endowment's Second Amended Petition:

Rare Endowment had contractual relationship with Misty Hazen, whose mobile home was located on its property.  Pursuant to this contract, Rare Endowment was purchasing the mobile home and leasing it to tenants for funds to pay the ad valorem taxes.   Although Green Tree had been notified of the contract, Green Tree filed suit to establish a lien and to obtain foreclosure on the mobile home, sold the mobile home to Divas at a private sale, and attempted to seize the mobile home, causing damage to the real property.  Divas and its agent Moreno's Transport severely

damaged the real property and improvements when they removed the mobile home from the property.   Rare Endowment seeks damages against Green Tree, Divas, Lynn, Bradford, and Moreno's Mobile Home Transport, LLC ("Moreno's Transport"), jointly and severally, for illegal conversion of the mobile home, damages to Rare Endowment's real property during removal of the mobile home, tortious interference with Rare Endowment's contract with Hazen, and unconstitutional seizure of Rare Endowment's property under 42 U.S.C. § 1983.   Additionally, it seeks punitive damages and attorney fees.   Rare Endowment also seeks a declaratory judgment determining the status and validity of the contracts involved in the case and the rights of the parties under Section 37.001 et seq. of the Texas Civil Practices and Remedies Code, the Uniform Declaratory Judgments Act, and Article 9.610 of the Texas Business and Commercial Code.

"If one claim depends on establishing liability under the other, the two cannot be found to be 'independent' for purposes of 28 U.S.C. § 1441 (c)."   *Eastus*, 97 F.3d at 105.   All of Rare Endowment's causes of action are based upon claims of a legal interest in the mobile home and the allegedly wrongful and destructive removal of the mobile home from the property.   The  illegal conversion and removal of the mobile home and violation of civil rights are different theories of recovery for the same wrong.   Further, the theories of recovery are all dependent upon substantially the same facts.   Accordingly, the civil rights claim is not separate and independent.   The Court finds removal was improper under 28 U.S.C. § 1441.

### Recommendation

The Court hereby recommends that Rare Endowment's Motion to Remand be GRANTED

and that the case be remanded to the 40th Judicial District Court of Ellis County, Texas.

SO RECOMMENDED, October 25, 2011.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).